UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 23-cv-3206-PJS-DJF

| | |
|---|---|
| SAID YUSUF,<br><br>            Plaintiff,<br>v.<br><br>WISCONSIN AUTO TITLE LOANS, INC., NORTHLAND RECOVERY BUREAU, INC., and LOSS PREVENTION SERVICES, LLC,<br><br>            Defendants. | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action originates from Defendants WISCONSIN AUTO TITLE LOANS, INC., NORTHLAND RECOVERY BUREAU, INC, and LOSS PREVENTION SERVICES, LLC's, unlawful repossession of Plaintiff's automobile and wrongful conversion of personal property in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; Minn. Stat. § 336.9-609; and Minnesota state common law.

## JURISDICTION AND VENUE

2. This action arises out of events emanating from this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants

1

conduct business in this District. See *Ford Motor Co. vs. Montana Eighth Judicial District Court*, 2021 WL 1132515 (U.S. March 25, 2021).

## PARTIES

4. Plaintiff, Said Yusuf (hereinafter "Plaintiff"), is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "consumer debtor" as defined by Minn. Stat. § 336.9-102(a)(22).

5. Wisconsin Auto Title Loans, Inc., (hereinafter "Defendant WATL") is a domestic automobile title loan or signature installment loan company. Defendant WATL is headquartered at 8601 Dunwoody Place, Suite 406, Atlanta, GA 30350. Defendant is a "creditor" as defined by 15 U.S.C. § 1692a(4).

6. Defendant Loss Prevention Services, LLC, (hereinafter "Defendant LPS") is a foreign collateral recovery company incorporated under the laws of the State of Mississippi with a principal place of business located at 321 Franklin Street, Natchez, MS 39120. Defendant LPS has a registered agent for service of Capitol Corporate Services Inc., 248 E Capitol St, Suite 840, Jackson, MS 39201. Defendant LPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692f(6).

7. Defendant Northland Recovery Bureau, Inc., (hereinafter "Defendant Northland" is a Minnesota corporation with its principal place of business located at 1800 Highway 13 West, Burnsville, MN 55337. Defendant Northland is a "debt

collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692f(6).

## FACTUAL ALLEGATIONS

8. Plaintiff's occupation requires him to travel overseas for extended periods of time.

9. As part of Plaintiff's occupation as an independent contractor for the Department of Defense, Plaintiff has top security clearance or as it is referred to in the industry Sensitive Compartment Information ("SCI").

10. To receive and maintain his level of SCI, Plaintiff is under continuous evaluation and under a duty to report any and every change to his situation, including but not limited to marital status, location, intended travel, and credit score.

11. On July 10, 2022, Plaintiff traveled to Africa for a 364-day work assignment and returned on July 9, 2023 (the "Work Assignment").

12. Years prior to leaving on his Work Assignment, Plaintiff purchased a 2006 Honda Pilot with Vehicle Identification Number 2HKYF18536H511561 (the "Vehicle").

13. Years prior to leaving on his Work Assignment, Plaintiff paid off the loan on the Vehicle in full and owned/owns the Vehicle free of any liens or encumbrances.

14. While on his Work Assignment, Plaintiff left the Vehicle at his sister Sophia's residence located at 3122 E 42nd St., Minneapolis, MN 55406, for his sister and niece Lul to use while Plaintiff was overseas.

15. At times when the Vehicle was not being used by his family, the Vehicle was parked on the street in front of Sophia's residence.

16. Sometime prior to August 24, 2022, someone broke into the Vehicle without Plaintiff, Sophia, or Lul's knowledge or consent and stole from Plaintiff the title to the Vehicle and Plaintiff's expired driver's license (that were located inside the locked vehicle) that expired roughly 10 years prior.

17. On August 24, 2022, the thief used the Vehicle's title and Plaintiff's ten-year expired driver's license to obtain a $3,812.68 loan from Defendant WATL without Plaintiff's knowledge or consent.

18. Defendant WATL negligently and/or recklessly approved the thief's loan application posing as Plaintiff.

19. As part of the loan, the thief using Plaintiff's identity and title to the Vehicle granted Defendant WATL a security interest in the Vehicle as collateral for the loan.

20. Upon information and belief, the thief who obtained the loan in Plaintiff's name never made payments on the loan agreement.

21. Defendant WATL uses Defendant LPS to locate and repossess vehicles that serve as collateral on loans administered by Defendant WATL.

22. On or about January 24, 2023, and on behalf of Defendant WATL, Defendant LPS instructed and hired Defendant Northland to repossess the Vehicle despite knowing that it did not have a present right to possess the Vehicle.

23. On or about January 24, 2023, without any prior notice to Plaintiff, the Vehicle was wrongfully repossessed / stolen from Sophia's residence by Defendants.

4

24. Defendants were attempting to collect an alleged outstanding debt from Plaintiff in the form of the Vehicle that secured the negligent/reckless loan administered by Defendant WATL.

25. On or about January 25, 2023, Lul went to drive the Vehicle to work and noticed it was missing. Lul believed the Vehicle was stolen.

26. Immediately upon realization that the Vehicle was gone, Lul called the Minneapolis Police Department to report the Vehicle as stolen.

27. On the call with the Police Department, Lul was informed that the car had been repossessed and Defendant WATL, through its intermediary Defendant LPS, sent in the repossession order.

28. At once, Lul called Plaintiff to inform him about what had happened to the Vehicle.

29. Next, Plaintiff called Defendant WATL to figure out why the car was repossessed.

30. On the call, Defendant WATL's employee did not believe that Plaintiff was out of the country at the time the loan was approved and required Plaintiff to send documents proving he was abroad.

31. The Plaintiff sent the requested documents to WATL.

32. On January 27, 2023, Plaintiff called the Minneapolis Police Department to file an identity theft police report. The Minneapolis Police Department told Plaintiff the Fridley Police Department was the correct department to file the police report.

33. Plaintiff hung up with the Minneapolis Police Department, called the Fridley Police Department, and filed an identity theft police report with the Fridley Police Department, case number 23020779.

34. Between January 25 and February 24, 2023, Plaintiff called Defendant WATL roughly eight or nine times. Each time he called, Plaintiff was put on hold and transferred to multiple different employees, all of whom did not help Plaintiff get his Vehicle returned.

35. On one of the phone calls, Defendant WATL's employee admitted that the person who secured the loan used an expired driver's license to obtain the loan, and she believed someone brought the Vehicle to a Wisconsin Auto Tile Loan location for an appraisal.

36. The Vehicle was never brought to a Wisconsin Auto Title Loan location for an appraisal.

37. After the eight or nine calls to Defendant WATL, Plaintiff was so frustrated that he hired an attorney.

38. On or about February 24, 2023, Plaintiff's former attorney spoke with Defendant WATL's attorney and requested Defendant WATL return the Vehicle to Plaintiff.

39. Finally, on or about February 24, 2023, Defendant Northland returned the Vehicle to Sophia's residence.

40. Defendant's conduct caused Plaintiff constant fear that his credit score would be diminished, his SCI clearance would be stripped, and he would lose his job.

41. Furthermore, Plaintiff suffered an out-of-pocket loss due to Defendants' conduct in the form of roughly 120 minutes of expensive long-distance phone calls from overseas.

42. As of the day this Compliant is filed, Defendant WATL has not returned title to the Vehicle to Plaintiff.  This has caused Plaintiff to fear that another loan could be taken out against the Vehicle and stress that Plaintiff will never be able to sell the Vehicle.

43. As a result of the Defendants' actions, Plaintiff has suffered emotional distress, loss of sleep, out-of-pocket damages, loss of time, anger, anxiety, embarrassment, frustration, and humiliation.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692f(6)

### AGAINST DEFENDANTS' NORTHLAND AND LPS

45. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

46. Under 15 U.S.C. § 1692f(6), the FDCPA prohibits debt collectors, such as Defendants Northland and LPS, from enforcing a security interest against a debtor's property in the absence of a present right to possession of the collateral.

47. Without a present legal right to possess the vehicle (due to no legitimate security interest), Defendants Northland and LPS persisted and engaged in a repossession on or about February 24, 2023, in violation of 15 U.S.C. § 1692f(6).

48. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover from Defendants Northland and LPS actual damages, including mental and emotional distress, statutory damages of $1,000, and costs and reasonable attorney's fees.

## COUNT II.
## WRONGFUL REPOSSESSION - MINN. STAT. § 336.9-609
## AGAINST ALL DEFENDANTS

49. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

50. Defendants had no present legal right to possess Plaintiff's Vehicle under Minn. Stat. § 336.9-609.

51. Defendants' self-help repossession on or about February 24, 2023, was therefore conducted without a present right to possession and breached the peace when Defendants stole Plaintiff's Vehicle, in violation of Minn. Stat. § 336.9-609.

52. Pursuant to Minn. Stat. § 336.9-625, Plaintiff is entitled to recover from Defendants statutory damages, actual damages, including mental and emotional distress, costs, and reasonable attorney's fees.

## COUNT III.

## CONVERSION

### AGAINST ALL DEFENDANTS

53. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

54. Defendants intentionally interfered with Plaintiff's use of his property without a claim of right by repossessing his Vehicle in violation of Minn. Stat. § 336.9-609.

55. Defendants intentionally interfered with Plaintiff's use of the property i.e., the Vehicle, without a claim of right by refusing to allow Plaintiff to possession of the Vehicle for roughly thirty (30) days.

56. Plaintiff has suffered an absolute deprivation of his property rights and is entitled to recovery for the full value of the Vehicle and the full value of loss of use of his property due to damages by Defendants.

## COUNT IV.

## CIVIL THEFT – MINN. STAT. § 604.14

### AGAINST ALL DEFENDANTS

57. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

58. Defendant WATL knows or should have known that the thief who stole Plaintiff's identity was not in fact Plaintiff.  Thus, Defendant WATL knew or should have known that it had no possessory interest in the Vehicle.

59. Defendants intentionally interfered with Plaintiff's use of the property.

9

60. A person who steals property from another is civilly liable to the owner of the property for its value when stolen plus punitive damages of either $50 or up to 100 percent of its value when stolen, whichever is greater.

## COUNT V.

## COMMON LAW TRESPASS TO CHATTELS – THE VEHICLE

## AGAINST ALL DEFENDANTS

61. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

62. Defendants intentionally, wrongfully, and maliciously interfered with Plaintiff's right to possession of the Vehicle on or about February 24, 2023.

63. Plaintiff was harmed by Defendants' interference with his right to possession of the Vehicle and suffered damages.

64. Plaintiff is entitled to recover from Defendants damages caused by their willful trespass to his right to the Vehicle and such damages as the jury may allow.

## COUNT VI.

## NEGLIGENCE

## AGAINST DEFENDANT WATL

65. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

66. Defendant WATL owed Plaintiff a duty of reasonable care to act as a reasonably prudent auto title loan company would in the same or similar circumstances.

67. Defendant WATL breached its duty owed to the plaintiff when it approved an auto title loan to a thief using Plaintiff's identity. More specifically, Defendant breached

its duty when it accepted a ten-year expired driver's license (presumably with a picture that did not look identical to the thief) to administer a title loan.

68. Defendant WATL's breach is the actual cause of Plaintiff's damages because, but for Defendant WATL's negligent action of issuing a title loan to a person with an expired driver's license, Plaintiff would not have suffered the harm he did.

69. Defendant WATL's breach is the proximate cause of Plaintiff's damages because the harm caused by the breach is the type of harm expected from the breach and Plaintiff is in the class of people anticipated to be harmed by a breach of this nature.

## COUNT VI.

## PUNITIVE DAMAGES PURSUANT TO MINN. STAT. § 549.20

## AGAINST DEFENDANT WATL

46. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

47. Plaintiff has made a prima facie case that Defendant WATL deliberately disregarded his rights pursuant to Minn. Stat. § 549.20. Specifically, Defendant WATL was provided with a ten-year expired Minnesota driver's license by the fraudster in order to open the loan. Presumably, the fraudster did not look like the picture on the expired driver's license.

48. Further, at no time did Defendant WATL inspect the vehicle as it was always parked in front of Plaintiff's sister, Sophia's residence and Sophia never witnessed a Defendant WATL representative at her residence to inspect the vehicle.

49. According to Defendant WATL's website, inspection of the car is required to obtain an auto loan with Defendant WATL.

50. Defendant WATL knew or should have known about the fraud if it had done due diligence before making the loan to the fraudster.

51. Defendant WATL is liable for punitive damages because of its deliberate disregard for the rights and safety of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

- awarding Plaintiff actual and statutory damages against Defendant Northland and LPS for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff reasonable attorney's fees and costs fees against Defendant Northland and LPS pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff actual and statutory damages against Defendants pursuant to Minn. Stat. §336.9-625;
- awarding Plaintiff damages caused by Defendants' conversion of Plaintiff's property;
- awarding punitive damages against Defendants pursuant to Minn. Stat. § 549.20 in an amount to be determined at trial;
- awarding Plaintiff punitive damages for Defendant WATL's civil theft;
- awarding Plaintiff actual and punitive damages to compensate for the damages suffered as a result of Defendant WATL's unlawful conduct and negligence; and
- for such other and further relief as may be just and proper.

Dated this 29th day of November 2023.

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707

Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

***ATTORNEYS FOR PLAINTIFF***